———————

No. 96-1235

———————

Robert Anthony Williams,       *
                               *
        Appellant,             *    Appeal from the United States
                               *    District Court for the
    v.                         *    Southern District of Iowa.
                               *
John Thalacker; Attorney       *        [UNPUBLISHED]
General of the State of Iowa,  *
                               *
        Appellees.             *

———————

Submitted: November 22, 1996

Filed: January 17, 1997
———————

Before BEAM, and LOKEN, Circuit Judges, and MOODY,[1] District Judge.
———————

BEAM, Circuit Judge.


    Robert Anthony Williams was convicted of murder in Iowa.  On direct appeal, the state supreme court affirmed his conviction, but declined to consider Williams's claims of ineffective assistance of counsel and prosecutorial misconduct.  State v. Williams, 285 N.W.2d 248, 271 (Iowa 1979).  The court explained that the appropriate time to raise such arguments in Iowa was in an action for post-conviction relief and specifically reserved Williams's right to do so.  Id.  Rather than pursuing these claims in state court, however, Williams filed a federal habeas petition addressing only the claims the state court had considered on the merits.  That habeas petition was ultimately unsuccessful.  Williams v. Nix, 528 F. Supp. 664 (S.D. Iowa 1981), reversed, 700 F.2d 1164 (8th Cir.

———————————————

    [1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1983), <u>reversed</u>, 467 U.S. 431 (1984), <u>on remand</u>, 751 F.2d 956 (8th Cir.), <u>cert denied</u>, 471 U.S. 1138 (1985).

Upon fully litigating the exhausted issues in federal court, Williams instituted state post-conviction proceedings, raising his ineffective assistance of counsel and prosecutorial misconduct claims. The state courts denied relief. Williams then filed another habeas action, alleging ineffective assistance and prosecutorial misconduct for the first time in federal court. The district court dismissed the subsequent petition on these claims as an abuse of the writ. Williams appeals.

Williams asserts that it would be inequitable not to hear his heretofore unexhausted claims because the law regarding the abuse-of-the-writ doctrine was unclear when he decided to proceed in federal court rather than exhausting his state remedies. We have carefully considered this argument and have thoroughly reviewed the parties' briefs and submissions. Upon such examination, we are convinced the district court's ruling was correct in all respects. Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.